**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2342
_____

BRENTON LEE,
                        Appellant

v.

NJ TRANSIT;
AMALGAMATED TRANSIT UNION LOCAL 825
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-05972)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed:  March 17, 2011 )

_____

OPINION
_____

PER CURIAM

        Brenton Lee appeals the District Court's order granting Appellees' motions for

summary judgment.  For the reasons below, we will affirm.

1

The procedural history of this case and the details of Lee's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Lee filed a complaint in which he alleged that New Jersey Transit terminated him on the basis of his national origin. He also claimed in his pleadings that the Union arbitrarily refused to take his case to arbitration and withdrew an offer of reinstatement. After the District Court granted Appellees' motions for summary judgment, Lee filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting Appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2009) (amended Dec. 1, 2010). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

On appeal, Lee disputes the facts surrounding the accident which led to his termination. However, the issue is not whether Lee left the scene of an accident; the question is whether there are disputed material facts with respect to whether Appellee New Jersey Transit's reasons for terminating Lee were discriminatory. The only evidence Lee provides to support his claim of discrimination is his allegation that another employee referred to Lee's "black ass." As noted by the District Court, Lee agreed at his deposition that his termination had nothing to do with his nationality and more to do with

his personality. We agree with the District Court that Lee has not made a prima facie claim of discrimination on the basis of national origin. Moreover, from the evidence in the record, it is abundantly clear that an accident occurred and that Lee left the scene. This supports NJ Transit's assertion that Lee was terminated for leaving the scene of an accident.

Lee contends that the Union's acts of withdrawing an offer of reinstatement and declining to file a grievance with respect to his termination were arbitrary. The Union argues that Lee's claim of a violation of the duty of fair representation was untimely because it was not filed within six months of the alleged violation. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983). Lee does not dispute that his claim was subject to a six-month statute of limitations. Rather, he argues that there are material issues of fact regarding when it became clear that further union appeals were futile. However, he points to no facts which would support a finding that the statute of limitations did not begin to run until sometime after June 2008, six months before he filed his complaint in December 2008.[1] Moreover, even if the claim were timely, Lee has not shown that any of the Union's actions regarding his case were arbitrary, discriminatory or done in bad faith.

---

[1] In July 2007, Lee was informed that the Union had decided not to arbitrate his case. App. at 59a. At his deposition, Lee stated that he lost faith in the Union when they denied arbitration for his case. App. at 124a. Thus, it appears that after the denial of arbitration, over a year before he filed his complaint, he believed that further union appeals were futile.

For the above reasons, we will affirm the District Court's judgment.[2]

---

[2] Lee argues that his due process rights were violated by the District Court's order. He contends that he has a property interest in his reputation and his profession. However, Lee was given notice of the appellees' motions for summary judgment and an opportunity to respond. Thus, there was no violation of due process.